No. 705 August 6, 2025 391

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Full-On Premises Sales License
Held By

CENTRAL PASTIME, LLC,
dba Central Pastime,
*Petitioner,*

*v.*

OREGON LIQUOR and CANNABIS COMMISSION,
*Respondent.*

Oregon Liquor and Cannabis Commission
OLCCV024;
A180094

Argued and submitted May 29, 2024.

Joseph O. Huddleston argued the cause for petitioner. Also on the briefs were Kevin L. Mannix and Kevin L. Mannix, P.C.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Pagán, Judge, and O'Connor, Judge.*

SHORR, P. J.

Affirmed.

_____
   * O'Connor, Judge *vice* Mooney, Senior Judge.

**SHORR, P. J.**

Petitioner seeks judicial review of a final order in a contested case in which the Oregon Liquor and Cannabis Commission (OLCC) found that petitioner had committed two violations of OLCC rules regarding masking precautions during the COVID-19 pandemic, and therefore suspended petitioner's OLCC liquor license for 72 days. Petitioner challenges the validity of the rules, advancing numerous arguments regarding agency rulemaking and the validity of pandemic guidance in light of executive powers. We affirm.

Following a hearing before an administrative law judge (ALJ), petitioner was found to have violated two OLCC rules: OAR 845-006-0345(15) (Dec 18, 2020), which prohibited a licensee from engaging in any activity that violated an order issued by the Governor, and OAR 845-006-0345(17)(a) (July 31, 2020), which prohibited a licensee from engaging in activity that violated the Oregon Health Authority's (OHA) July 24, 2020, guidance on masking in public places.[1] The violations occurred on December 2, 2020, when petitioner was found to have failed to require employees and customers to wear masks or other face coverings as directed in the OHA July 24 guidance, and on March 27, 2021, when it again failed to require employees and patrons to wear masks at all times when not eating or drinking, contrary to the Governor's Executive Order (EO) 20-66.[2] Petitioner does not dispute any of the factual allegations made by OLCC, and instead limits its arguments to the validity and enforceability of the rules.

Following the completion of briefing in this matter, we issued an opinion in *Along Came Trudy LLC v. OLCC*, 330 Or App 295, 543 P3d 751, *rev den*, 372 Or 588 (2024). In that case, we ruled on identical arguments to those raised

---

[1] All subsequent references to the two subsections will be to the versions in effect at the time of the respective violations.

[2] Because the ALJ found that petitioner had violated OAR 845-006-0345(15) on March 27, 2021, the ALJ dismissed an alternative allegation that petitioner's March 27, 2021, actions violated OAR 845-006-0345(16) by violating a public health law. In its fourth assignment of error, petitioner asserts that, if the case is remanded, it should not be remanded for reconsideration of the dismissed alternative allegation. Petitioner's argument is not directed at any legal, procedural, factual, or other ruling, as required by ORAP 5.45. It is therefore not a proper assignment of error and we do not reach it. In any event, we affirm the ALJ's final order and conclude that no remand proceedings are warranted.

in petitioner's first two assignments of error, regarding the enforceability of OAR 845-006-0345(15). We rejected the argument that OLCC could not establish a violation of the rule because the applicable Oregon Health Authority guidance was invalid. *Id.* Petitioner conceded at oral argument before us in this matter that its first two assignments of error were controlled by *Along Came Trudy*. We agree, accept that concession, and therefore reject petitioner's first two assignments of error. We write only to address the third assignment.

In its third assignment of error, petitioner argues that OAR 845-006-0345(17)(a) could not be the basis for a violation because the OHA mask guidance referenced therein was not properly incorporated into that OAR and was not otherwise promulgated by OLCC as a rule, and had been replaced by updated guidance multiple times by the time of the alleged violation.

We understand petitioner's arguments to raise a challenge to the validity and enforceability of OAR 845-006-0345(17). *See* ORS 183.482(1) ("Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals."); ORS 183.400(2) ("The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law."). We may consider the validity of a rule in our review of an administrative agency's order applying that rule. *Pulito v. Board of Nursing*, 366 Or 612, 626, 468 P3d 401 (2020). In a contested case proceeding, we review an agency's interpretation of provisions of law for legal error. ORS 183.482(8)(a).

We begin with the text of the rule. OAR 845-006-0345 stated, in relevant part:

> "No employee or agent of a licensee may violate any provision of this rule. A violation of any section of this rule by an employee or agent of a licensee is considered a violation by the licensee.
>
> "* * * * *
>
> "(17)  Failure to abide by or enforce Oregon Health Authority Guidance.

"(a)   A licensee may not engage in or permit any activity that violates the Oregon Health Authority's Statewide Mask, Face Shield, Face Covering Guidance issued on July 24, 2020, incorporated herein by reference. A licensee's failure to follow or enforce the guidance referenced in this subsection and ensure that employees and patrons on the premises are wearing masks, face shields or face coverings creates an immediate and serious danger to the health and safety of all patrons and employees on the premises. These guidelines may be found at: https://www.oregon.gov/olcc/docs/covid19/OHA_Statewide_FaceCoveringGuidance_072420.pdf."

The July 24, 2020, OHA guidance required businesses such as petitioner's to, among other things, require employees and customers to wear a mask, face shield, or face covering except under limited circumstances; provide face coverings for employees; and post clear signs about face covering requirements. Oregon Health Authority, Statewide Mask, Face Shield, Face Covering Guidance (July 24, 2020) (July 24 guidance), *available at* https://www.oregon.gov/olcc/docs/covid19/OHA_Statewide_FaceCoveringGuidance_072420.pdf (accessed July 29, 2025).

Petitioner argues that OLCC did not properly incorporate the July 24 guidance into the rule, and did not otherwise properly promulgate the guidance as a rule.[3] OAR 845-006-0345 (July 31, 2020) was a temporary rule that was in effect from July 31, 2020, through December 17, 2020. Because it was a temporary rule, OLCC was not required to comply with regular rulemaking procedures applicable to permanent rules; instead, it was subject to ORS 183.335(5) and (6), regarding temporary rules:

"(5)   Notwithstanding subsections (1) to (4) of this section [regarding notice and comment procedures for permanent rules], an agency may adopt, amend or suspend a rule without prior notice or hearing or upon any abbreviated

---

[3] Although OLCC did not set forth the text of the July 24 guidance in the rule, generally applicable rules regarding temporary rule requirements dictate that "agencies adopting or amending rules incorporating published standards by reference may omit copies of the publications if applicable, under ORS 183.355. Agencies must explain how the public may obtain referenced items." OAR 166-500-0050(2). Petitioner has not raised an argument that the rule was inadequate due to the text of the guidance not being set forth in the body of the rule. Rather, petitioner's argument is limited to the assertion that the rule did not set forth adequate justification for requiring masks in the first place.

notice and hearing that it finds practicable, if the agency prepares:

"(a)   A statement of its findings that its failure to act promptly will result in serious prejudice to the public interest or the interest of the parties concerned and the specific reasons for its findings of prejudice;

"(b)   A citation of the statutory or other legal authority relied upon and bearing upon the promulgation of the rule;

"(c)   A statement of the need for the rule and a statement of how the rule is intended to meet the need;

"(d)   A list of the principal documents, reports or studies, if any, prepared by or relied upon by the agency in considering the need for and in preparing the rule, and a statement of the location at which those documents are available for public inspection;

"* * * * *

"(6)(a)   A rule adopted, amended or suspended under subsection (5) of this section is temporary and may be effective for a period of not longer than 180 days. The adoption of a rule under this subsection does not preclude the subsequent adoption of an identical rule under subsections (1) to (4) of this section."

As we understand its briefs, petitioner develops three specific arguments that OLCC did not properly promulgate the rule. Petitioner asserts that the temporary rulemaking does not set forth an immediacy (ORS 183.335(5)(a)), need (ORS 183.335(5)(c)), or statutory authority (ORS 183.335(5)(b)) for the masking rules contained in the July 24 guidance, and did not otherwise promulgate the July 24 guidance itself. We disagree and conclude that OLCC complied with the temporary rulemaking requirements of ORS 183.335(5), and thus properly promulgated the masking requirements contained in the July 24 guidance.

We first address petitioner's argument under ORS 183.335(5)(c) before turning to its arguments under ORS 183.335(5)(a) and (b). OLCC issued its Temporary Administrative Order on July 31, which amended OAR 845-006-0345 to add subsection (17) regarding masking. It included a statement of need and justification for the rules

requiring masking, pursuant to ORS 183.335(5)(c), noting the public health threat posed by COVID-19 and the attempts by various governmental entities to reduce the spread of the virus. OLCC noted:

"Through liquor license inspections, OLCC staff have observed some licensees willfully ignore and fail to enforce OHA guidance. As a result, patrons and employees have been allowed to occupy indoor spaces without wearing face coverings or maintaining appropriate physical distancing. This creates a serious and immediate danger to public health and safety, especially as numbers of COVID-19 infections continue to increase in Oregon. In order to prevent a serious danger to the public and to protect public health and safety, OLCC must have authority to suspend or cancel the license if licensees fail to enforce these safety measures, and to take immediate action to suspend the license in an effort to further prevent the spread of COVID-19. To ensure that OLCC has the necessary authority to take action against licensees who act in direct contravention of the guidance set forth by OHA, OLCC needs to create a specific prohibition for failing to enforce OHA safety guidelines relating to face coverings and physical distancing."

OLCC additionally made findings, pursuant to ORS 183.335(5)(a), that prompt action was justified due to the serious and immediate threat to public health and to the health and safety of employees and patrons of licensees operating in contravention of the mask and distancing guidance. The public health threat posed by the spread of COVID-19 provided the justification for requiring compliance with masking and physical distancing standards.

Additionally, the temporary administrative order noted the statutory authority for the rulemaking, in compliance with ORS 183.335(5)(b). The rule cited to ORS 471.030 (establishing the purpose of the Liquor Control Act, including "to protect the safety, welfare, [and] health *** of the people of the state"); ORS 471.040 and ORS 471.730 (establishing the general powers and duties of OLCC, including the power to adopt necessary and feasible regulations and all other powers necessary or proper to carry out and effectuate the purposes of ORS chapter 471); and ORS 471.175 (giving OLCC the power to adopt rules to carry out statute

regarding on-premises sales licenses). Those statutes authorize OLCC to issue rules protecting the health and safety of the public as it relates to the operation of OLCC-licensed establishments. The rule also cited to EO 20-27, which contained multiple statements authorizing agencies to issue guidance for particular sectors of the economy as it related to COVID-19 restrictions.

We therefore conclude that OLCC complied with ORS 183.335(5) in issuing the temporary rule: It set forth the serious prejudice threatened if it failed to act—the threat to health and safety (ORS 183.335(5)(a)); OLCC's statutory authority (ORS 183.335(5)(b)); and the need for the temporary rule and how the rule was intended to address that need— by providing an enforcement mechanism to ensure compliance with health and safety measures (ORS 183.335(5)(c)).[4] *See Friends of Columbia Gorge v. Energy Fac. Siting Coun.,* 366 Or 78, 90-94, 456 P3d 635 (2020) (concluding that courts have the authority to review an agency's statements for compliance with ORS 183.335(5) and reviewing the sufficiency of the statement of serious prejudice). The particular standards that licensees were required to abide by were those contained in the July 24 guidance, a link to which was included in the rule. OLCC sufficiently promulgated the temporary rule requiring compliance with the July 24 guidance, and petitioner's failure to abide by that rule constituted the basis for petitioner's December 2, 2020, violation.

Petitioner additionally argues that OLCC improperly assumed that the July 24 guidance was binding law. Petitioner asserts that the July 24 guidance did not independently have the effect of law and had been replaced by updated OHA guidance by the time of the alleged December 2, 2020, violation, and could not itself be violated due to its unenforceability. Therefore, petitioner argues, without a "violation" of the

---

[4] Petitioner has not raised any argument that OLCC failed to comply with ORS 183.335(5)(d), requiring reference to the documents the agency relied on in considering the need for and preparing the rule. We note that the rule referenced the Governor's multiple executive orders and various OHA guidance documents regarding COVID-19 and the phased reopening of restaurants and bars. The Governor's executive orders included additional information regarding the epidemiological understanding of how COVID-19 spread and steps that could be taken to reduce the spread, further supporting the need for the rule and the importance of prompt action.

guidance, OLCC could not prove a violation of OAR 845-006-0345(17)(a).

Based on our conclusion above that the July 24 guidance was properly incorporated into the rule, we reject petitioner's argument. As we discussed in *Along Came Trudy*, OAR 845-006-0345(15) prohibited a licensee from engaging in any activity "that violates an order issued by the Governor." 330 Or App at 301. We therefore had to consider whether the guidance and executive orders issued by the Governor that the petitioner was alleged to have violated were valid in order to determine whether a violation of them had occurred. *Id.* at 297. Contrary to the circumstances in that case, however, here OLCC did not have to demonstrate a violation of some other valid rule; OAR 845-006-0345(17)(a) itself prohibited petitioner from engaging in activities that were contrary to the standards contained in the July 24 guidance. The fact that OHA had updated its mask guidance after July 24 did not alter the text of OAR 845-006-0345(17)(a), which required compliance with the July 24 guidance as if that guidance had been set forth in the text of the rule.[5] It is undisputed that petitioner did not follow the July 24 guidance. It therefore violated OAR 845-006-0345(17)(a).

We therefore affirm the final order suspending petitioner's OLCC liquor license for 72 days.

Affirmed.

---

[5] Had OAR 845-006-0345(17)(a) contained text making it a violation to fail to comply with "*current* OHA mask guidance" or otherwise made it a violation of OLCC rules to commit a violation of other agency rules, then petitioner's argument regarding the replacement and updating of the July 24 guidance would be much more convincing.